**8446**

Rozell Mc Williams

    vs                         No.8446

Mrs Anna Shaw,wife of

  A.N.Lewis .

      Charles F.Claiborne,Judge.

June 25th 1923 .

Court of Appeal
Parish of Orleans

June 26/23

E.C.Stansbury

**8446**

Appeal from Civil District Court,Hon.Columbus Reid,Judge.

Charles F.Claiborne,Judge.

This is a suit for a broker's commission.It is based upon the following contract:

New Orleans La.Oct.7th 1919

To R.Mc Williams,

Real Estate Agent,City.

Dear Sir,

I hereby offér,through you,to purchase the following property,to-wit:(description) for the sum of $7,500 on terms of cash xxx possession to be given on October 11th 1919 .

Signed" Marie E.Hopkins

per Edw.J.Hopkins

I hereby accept the offen and terms made and will pay R.Mc Williams a commission of three (3%) per cent for making sale.I will give possession in 15 days.

" Signed " Anna S.Lewis .

I accept the above.

"Signed" Marie E.Hopkins

Per.Edward J.Hopkins .

Plaintiff is a real estate agent.He alleged that the proposed purchase was "ready,able and willing to complete the said sale of the said property"but that Mrs Lewis refused to carry out the contract of sale;that by reason thereof she owes him the commission which she agreed to pay.

The defendant admitted that the plaintiff had obtained an offer from Mrs Hopkins to purchase her property,but she denied that she had accepted the offer of Mrs Hopkins;that the offer made by Mrs Hopkins provided that possession of the

property was to be given to her on October 11th 1919 "; that defendant declined to accept this proposition unless the date of the giving possession was fixed on October 22nd ; that Mrs Hopkins called on her and told her that her offer to purchase the property was made on the express condition that the property would be delivered on October 11th and that if it could not be delivered on that day she did not want the property at all and that the transaction was off,and that she would call on the real estate agent to demand the return of her deposit;that defendant telephoned to plaintiff's office and informed them of what Mrs Hopkins had said,and she was answered that Mrs Hopkins had a right to declare the transaction at an end and to take back her deposit as there had never been any agreement between them as to the date of delivery of possession,to which defendant replied"all right"that shortly thereafter a representative of plaintiff called upon defendant's husband to know if defendant would not pay for the storage of Mrs Hopkins furniture until October 22nd,to which he replied that Mrs Hopkins had declared the transaction at an end to which his wife had agreed,which put an end to the matter;that inasmuch as plaintiff did not procure a purchaser willing to purchase on her terms,he was not entitled to a commission.

There was judgment for plaintiff and defendant has appealed.

The defendant Mrs Lewis,testified that when the offer of Mrs Hopkins was brought to her for her signature she noticed the clause that she "agreed to give the house in two days";she told the real estate man that she"could not possibly get out of the house in two days and that she would have to have two weeks; she said she would sign if he would "insert a clause to that effect,which he did.Then she signed the contract."Mrs Hopkins came to see her one or two days after that,and they had a conversation together;Mrs Hopkins did not accept the fifteen days clause;she "said she could not possibly take the house under those conditions;

said she must have it in two days.xxx The lady asked me if she might use the telephone and I said certainly.She went and calldd up her son and told him not to pay the earnest money that was to be paid that morning,not to do it,that they were not going to take the house,that they could not get it in two days;she said she would not have it under those conditions whatever not at all,that the sale would be off;and defendant communicated that to plaintiff's office;a few days afterwards plaintiff's office told her that the fifteen days clause would be acceptable if she would pay storage on her furniture for two weeks and drayage to and from;they told her at Mr Mc Willaims office that the contract was void.

Arthur M.Lewis husband of defendant,testified that some three or four days afterwards,while he was eating lunch at a restaurant,Mr Epps,of Mc Williams' office,who had made the deal with them originally,told him,"Mrs Hopkins will agree to your terms provided you pay drayage both going and coming and storage",the witness said";Nothing doing".

These conversations between Mrs Lewis and Mrs Hopkins and between Mr Lewis and Epps,of plaintiff's office,are not contradicted.Neither Mrs Hopkins not Mr Epps was examined as a witness.The testimony of Mrs Lewis is only a part of what she might have testified if permitted.It rand the gauntlet of objections over objection sustained to defeat the efforts of defendant to prove that Mrs Hopkins had refused to accept the delay of fifteen days and had recalled her offer,and that the defendant had notified the plaintiff of that fact.Of course,that was the meat of the case and what testimony to that effect was given was properly admitted;it was error to have excluded what was not admitted.

Edward Hopkins,who signed for his mother,testified that he accepted the fifteen days clause"right afterwards, the same day".

The testimony of Mr Hopkins must yield before that

of Mr and Mrs Lewis and the silence of Mrs Hopkins and of Mr Epps.The absence of these two parties raises the presumption that their testimony would have been against the plaintiff.But if it is true that the minds of Mrs Lewis and of Mrs Hopkins had met and agreed upon the a sale,would it not have appeared that Mrs Hopkins had taken some steps to have the title of the property examined and an act passed.Nothing of the sort appears. On the contrary,Mr H.C.Barnett,a lawyer,testifies that he has "represented Mrs Hopkins all along since the death of Mr Hopkins for many years"xx that he knows nothing personally about this fifteen days clause;that his connection with it came about after they failed to get possession of the property.

From all these facts we must conclude that the minds of the parties never met,and that they parted definitely on the question of possession.

In the case of De Santos vs Taney 13 A 151 the plaintiff sued for broker's commission.He had been employed by defendant to sell three houses.Avegno made an offer or $15,500 cash,which the defendant accepted in writing.At the moment of signing the act at the Notary's office,a discussion arose between the vendor and the purchaser about the payment of taxes for the current year,concerning which they could not agreee.They then agreed to cancel the agreement of sale.The Court refused to grant the broker his commission on the dual grounds that the parties had not agreed upon the question of taxes and had " released each other from their reciprocal engagements""So in this case,Mrs Hopkins and Mrs Lewis concluding that they could not agree upon the question of possession agreed to call the transaction off.

It is therefore ordered that the judgment herein be reversed and set aside and that there now be judgment in favor of defendant rejecting plaintiff's demand at his cost in both Courts.

Judgment reversed and judgment for defendant,June 25th 1918

I respectfully dissent    W.H.Bell Judge